```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


LYNETTE MATTHEW                          CIVIL ACTION

VERSUS                                   NO: 15-1770

HOUSING AUTHORITY OF NEW ORLEANS,        SECTION: R(4)
ET AL.
```

## ORDER AND REASONS

Plaintiff Lynette Matthew moves *ex parte* for a declaratory judgment and preliminary injunction[1] against defendant Housing Authority of New Orleans.[2] For the following reasons, the Court denies the motion.

### I. Background

On May 27, 2015, pro se plaintiff Lynette Matthew sued defendants Housing Authority of New Orleans (HANO), Arthur Waller, Colisha Butler, and Simone R. Moore for alleged constitutional and civil rights violations, as well as violations of the Louisiana Civil Code.[3] Specifically, Matthew alleges that under her Housing Assistance Payments Contract (HAP Contract) with HANO,[4] she agreed to provide housing to public housing tenants in exchange for rental

---

[1] In Part II, *infra*, the Court determines that Matthew's motion is more properly characterized as one for preliminary injunction and summary judgment.

[2] R. Doc. 4.

[3] R. Doc. 1.

[4] R. Doc. 7-1.

payments from HANO on behalf of those tenants.[5] Matthew further alleges that one of tenants, Chanell Carter, for whom HANO paid $950 per month in housing assistance rental payments, vacated Matthew's rental unit without notice.[6] HANO continued to pay Carter's rental payments until it independently discovered she no longer lived there.[7] HANO then notified Matthew that it overpaid her $5,100.00 for the time period Carter's rental unit was vacant and would withhold housing assistance rental payments for Matthew's other public housing tenants until the debt was paid.[8] HANO cites Section 7(f) of the HAP Contract to support its authority to do so: "If the [Public Housing Agency--HANO] determines that the owner is not entitled to the housing assistance payment or any part of it, [HANO], in addition to other remedies, may deduct the amount of the overpayment from any amounts due the owner (including amounts due under any other Section 8 assistance contract)."

Matthew contends that she requested a grievance hearing with HANO, but her request was denied.[9] Matthew asserts that HANO's withholding of other housing assistance rental payments constitutes a breach of contract and an unconstitutional deprivation of

---

[5]   R. Doc. 1 at 2.

[6]   *Id.* at 2-3; R. Doc. 4 at 2.

[7]   R. Doc. 1 at 3; R. Doc. 4 at 2.

[8]   R. Doc. 1 at 3.

[9]   *Id.*

property.[10] Matthew seeks compensation for her economic losses, as well as damages she allegedly incurred as a result of Carter's damaging her rental unit beyond normal wear and tear.[11]

Matthew filed an *ex parte* motion for declaratory judgment and preliminary injunction, realleging the allegations of her complaint.[12]

## II. Discussion

To begin, the Court notes that it must broadly construe Matthew's *ex parte* motion because she is a pro se litigant. *See Gondola v. Gonzales*, 178 F. App'x 410, 412 n.4 (5th Cir. 2006). Doing so, the Court finds that although Matthew requests a declaratory judgment, her motion is more appropriately considered as one for summary judgment. "The purpose of a declaratory judgment is to declare future rights of a party and not to remedy past harms." *Integral Dev. Corp. v. Tolat*, No. C 12-06575, 2013 WL 5781581, at *4 (N.D. Cal. Oct. 25, 2013) (collecting cases). In addition to preliminarily enjoining HANO from withholding future rental payments, Matthew seeks to require HANO to pay her the total amount of those rental payments that it has already withheld.[13]

---

[10] *Id.* at 3-4.

[11] *Id.* at 4.

[12] R. Doc. 4.

[13] *Id.* at 2 ("[P]laintiff prays that this Honorable Court [will] issue [a] declaratory judgment against defendant . . . enjoining [it] from withholding and releas[ing] funds in [its]

Accordingly, the Court will treat Matthew's filing as a motion for preliminary injunction and for summary judgment.

   A.   **Preliminary Injunction**

A party may obtain a preliminary injunction only if: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat the movant will suffer irreparable harm if the injunction is not granted; (3) the threatened injury to the movant outweighs the potential injury to the defendant; and (4) granting the preliminary injunction will not disserve the public interest. *Guy Carpenter & Co., Inc. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003). "A preliminary injunction is an extraordinary remedy which courts grant only if the movant has clearly carried the burden as to all four elements." *Id.* The primary purpose of a preliminary injunction is to preserve the Court's ability to hear the case on the merits. *Atwood Turnkey Drilling, Inc. v. Petroleo Brasilerio, S.A.*, 875 F.2d 1174, 1178 (5th Cir. 1989).

Without addressing all four requirements, the Court finds that Matthew has failed to prove that there is a substantial threat she will suffer irreparable harm if the injunction is not granted. As the Fifth Circuit holds, "[t]here can be no irreparable injury were money damages would adequately compensate a plaintiff." *DFW Metro Line Servs. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir.

---

possession, control and custody belonging to Ms. Matthew.").

1990). Matthew alleges that she is suffering "economic losses" due to HANO's withholding Matthew's other public housing tenants' rental payments and that Carter damaged Matthew's rental unit beyond normal tenant wear and tear. Indeed, Matthew has not argued, let alone demonstrated, that this case presents any special circumstances that would make an award of money damages--should she ultimately prevail--inadequate. *See id.* Accordingly, the Court denies the motion for preliminary injunction.

### B.    **Summary Judgment**

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23(1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v.*

*Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); see also *Little*, 37 F.3d at 1075.

The Court also finds that summary judgment is inappropriate because Matthew has failed to demonstrate that there is no genuine dispute of material fact. Matthew alleges that HANO breached the HAP Contract by failing to pay rental assistance for the unit leased by Chanel Carter and unconstitutionally deprived Matthew of her property by withholding her other housing tenants' monthly rent.[14] In opposition, HANO argues that the HAP Contract explicitly entitles it to "deduct the amount of [an] overpayment from any amounts due the owner (including amounts due under any other Section 8 assistance contract)."[15] Accordingly, the Court cannot conclude that Matthew is entitled to summary judgment as a matter of law. Therefore, Matthew's motion for summary judgment is denied.

### III. Conclusion

For the foregoing reasons, the Court DENIES Matthew's Ex Parte Motion for Declaratory Judgment and Preliminary Injunction.

New Orleans, Louisiana, this ___7th___ day of August, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[14] R. Doc. 1 at 4.

[15] R. Doc. 7-1 at 5 § 7(f).